NO. 07-12-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 3, 2013

_____

SKYLER DANE FERGUSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 18004-0904; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In July 2011, Appellant, Skyler Dane Ferguson, was placed on deferred adjudication community supervision for eight years for possession of methamphetamine in an amount of four grams or more but less than 200.[1]  The State moved to proceed with an adjudication of guilt in early 2012 and following a hearing, notwithstanding the trial court's finding that Appellant had violated the terms and conditions of community

---

[1]TEXAS HEALTH & SAFETY CODE ANN. § 481.115(d) (WEST 2010).

supervision, she was continued on community supervision with modified terms.  Later in 2012, the State again moved to proceed with an adjudication of guilt for violations of her new terms and conditions of community supervision.  Following a hearing at which Appellant entered a plea of true to the allegations, the trial court heard evidence and adjudicated her guilty of the original offense and assessed punishment at ten years confinement and a fine of $10,000.  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a *pro se* response if she desired to do so, and (3) informing her of her right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[3]  By letter, this Court granted Appellant an opportunity to

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court=s Certification of Defendant=s Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five

exercise her right to file a response to counsel=s brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel candidly concedes there are no arguable issues to present to this Court. We review an appeal from a trial court's order adjudicating guilt in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court=s revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

---

days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel=s brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4